**SHAN LIN, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 04–3424–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 29, 2005.

Thomas V. Massucci, New York, New York, for Petitioner.

Dunn Lampton, U.S. Attorney for the Southern District Mississippi; H. Colby Lane, Assistant U.S. Attorney, Jackson, Mississippi, for Respondent.

Present: RAGGI, WESLEY, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immi-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

gration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review and request for oral arguments are DENIED.

Shan Lin, through counsel, petitions for review of a Board of Immigration Appeals ("BIA") opinion affirming an Immigration Judge's ("IJ") denial of her application for asylum and withholding of removal. We assume the parties' familiarity with the underlying procedural history and facts.

Where the BIA issues an independent opinion that does not adopt the IJ's decision, we review the decision of the BIA alone. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005). Where the BIA fully adopts the IJ's decision or issues a so-called "affirmance without opinion," we review only the IJ's decision. *Twum v. INS*, 411 F.3d 54, 58 (2d. Cir.2005). Here, the BIA affirmed the IJ's decision without opinion. Therefore, we review only the IJ's decision.

We review factual findings, including adverse credibility findings, under the substantial evidence standard, overturning them only if they are based on flawed reasoning, misunderstanding of evidence, or erroneous legal standards. *See, e.g., Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Conversely, a finding should not be reversed unless a reasonable adjudicator would be compelled by the evidence to reach a conclusion contrary to that reached by the IJ. *See*, 8 U.S.C. § 1253(b)(4)(B). Nevertheless, "the fact that the [agency] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir.2004).

An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Zhou Yun Zhang*, 386 F.3d at 74 (quoting *Secaida–Rosales*, 331 F.3d at 307 (internal quotations omitted)). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000). Lack of corroborating evidence may also bear on credibility, but it cannot form the sole basis for an adverse credibility determination. *See Id.* at 287.

In this case, the IJ's factual and credibility determinations were substantially supported by the record as a whole. The IJ's factual determination that Lin's abortion certificate established that she had undergone a voluntary abortion in China is supported by the State Department's Profile, which indicates that such certificates are only presented to patients who undergo voluntary abortions. Additionally, the IJ's adverse credibility determination is supported by an inconsistency between Lin's testimony and documentary evidence. Although Lin testified that she was home alone when she was forcibly taken for an abortion, her father's letter states that he was with her at the time. An inconsistency regarding a matter material to Lin's claim provides a specific, cogent reason that bears a legitimate nexus to the IJ's finding of adverse credibility.

Because of Lin's adverse credibility, she has failed to prove her eligibility for asylum. Additionally, Lin has presented little credible evidence to prove her eligibility for withholding of removal. Therefore, with regard to the BIA's affirmance of the IJ's decision, we cannot conclude that "a reasonable adjudicator [would be] compelled to find otherwise." *Dong v. Ashcroft*, 406 F.3d 110, 111 (2d Cir.2005) (*per curiam*). Accordingly, Lin's petition for review and request for oral arguments are DENIED. Having completed our review,

the stay of removal previously granted in this petition is VACATED.